UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TEKLEMARIAM DANIEL HAGOS,

                              Plaintiff,

        v.

CITY OF SEATTLE, *et al.*,

                              Defendants.

Case No. C23-225-TL-MLP

REPORT AND RECOMMENDATION

Plaintiff Teklemariam Daniel Hagos is currently confined at the King County Jail ("the Jail") in Seattle, Washington. He has submitted to this Court for filing a proposed civil rights complaint in which he presents a claim arising out of a criminal case currently pending against him in the City of Seattle Municipal Court.[1] (Dkt. # 1-1.) Specifically, Plaintiff asserts that the City of Seattle violated Washington Superior Court Criminal Rule ("CrR") 3.3, and his Sixth Amendment right to a speedy trial, in Seattle Municipal Court ("SMC") Case No. 669626. (*See id.* at 4.)

---

[1] Though Plaintiff identifies his complaint as one filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), because Plaintiff appears to be proceeding against state actors and not federal actors, his complaint is properly construed as one filed pursuant to 42 U.S.C. § 1983.

REPORT AND RECOMMENDATION
PAGE - 1

The facts alleged in support of this claim are difficult to understand, though Plaintiff references a pretrial hearing that was scheduled to occur on February 9, 2023, at 10:00 a.m. in SMC Courtroom 902, and he complains that the case "got moved" for a motion hearing in another courtroom, SMC Courtroom 1001. (*Id*. at 5.) Plaintiff then sets out portions of CrR 3.3 that he appears to believe are pertinent to his claim. (*See id*.) He also attaches to his complaint documents from the SMC case in question, one of which is a Notice of Court Date which was apparently issued at the February 9, 2023, hearing and which indicates that a motion hearing in Case No. 669626 has been set for April 17, 2023, in SMC Courtroom 1001. (*See id*. at 13.)

Though not entirely clear from the manner in which Plaintiff presents his claim, he appears to take issue with the fact that he has not been brought to trial within the time period designated in CrR 3.3 for in-custody defendants. (*See* dkt. # 1-1 at 4-5.) In documents attached to his complaint, Plaintiff also appears to complain that he was never processed into the King County Jail on the charges filed in the SMC case, that the police officers who arrested him did not qualify as "peace officers" under Washington law, and that the assistant city attorney who filed the criminal complaint against him lacked the necessary credentials to do so.[2] (*See id*. at 10-11.)

---

[2] Information contained in the King County Department of Adult and Juvenile Detention's "Jail Lookup Service" reveals that at the time charges were filed against Plaintiff in SMC Case No. 669626, he was already in custody pursuant to charges pending against him in King County Superior Court Case No. 21-1-00412-4. *See* https://dajd-jms.powerappsportals.us/public/subject-lookup (last accessed Mar. 13, 2023); *see also* https://dja-prd-ecexap1.kingcounty.gov (last accessed Mar. 13, 2023); https://web6.seattle.gov/courts/ECFPortal/Default.aspx (last accessed Mar. 13, 2023). The docket of SMC Case No. 669626 also confirms that Plaintiff was not booked into the Jail on that case, and it reflects that an Order of Release upon personal recognizance was actually entered in that case on January 9, 2023. *See* https://web6.seattle.gov/courts/ECFPortal/Default.aspx; *see also* Dkt. 1-1 at 14.

REPORT AND RECOMMENDATION
PAGE - 2

Plaintiff identifies the City of Seattle as the lone Defendant in the caption of his complaint. (*See* dkt. # 1-1 at 1.) However, elsewhere in his complaint, Plaintiff identifies Seattle Municipal Court Judge Willie Gregory, the judge scheduled to preside over Plaintiff's April 17, 2023, motion hearing, and Daniel Okada, the assistant city attorney who filed the criminal complaint in SMC Case No. 669626, as Defendants as well. (*Id*. at 3.) Plaintiff seeks relief in the form of dismissal of the SMC criminal case and monetary damages in the amount of $99 billion. (*Id*. at 9.) Plaintiff also asks that the police officers who filed the arrest report underlying his criminal charges be sent to federal prison. (*Id*.)

Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam). *See also Carden v. Montana* 626 F.2d 82, 83-84 (9th Cir. 1980).

Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary

REPORT AND RECOMMENDATION
PAGE - 3

circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 435 (1982).

Here, Plaintiff is subject to an ongoing state criminal proceeding, and that proceeding implicates important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–45. Plaintiff alleges no facts demonstrating that he could not bring his speedy trial claims in state court, and Plaintiff's requested relief, which includes dismissal of the pending charges on speedy trial grounds, clearly seeks to enjoin the ongoing state court proceeding. Finally, Plaintiff makes no plausible allegation that extraordinary circumstances justify this Court's intervention in his state court criminal proceeding.

Because Plaintiff has an ongoing state criminal case requiring this Court to abstain pursuant to *Younger*, the Court recommends that this § 1983 action be dismissed without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 7, 2023**.

DATED this 13th day of March, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4