UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TEKLEMARIAM DANIEL HAGOS,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF SEATTLE, WILLIE GREGORY, and DANIEL M OKADA,<br><br>        Defendants. | CASE NO. 2:23-cv-00225<br><br>ORDER ADOPTING THE REPORT AND RECOMMENDATION |

      This matter comes before the Court on United States Magistrate Judge Michelle Peterson's Report and Recommendation. Dkt. No. 6. Magistrate Judge Peterson recommends that this Court dismiss Plaintiff's 42 U.S.C. § 1983 civil rights complaint against the City of Seattle for allegedly violating Washington Superior Court Criminal Rule 3.3 and his Sixth Amendment right to a speedy trial. Judge Peterson recommends dismissal because federal courts generally do not intervene in pending state court criminal proceedings absent extraordinary circumstances, where the danger of irreparable harm is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 45 (1971).

      The Court reviews *de novo* only the findings and recommendation that are properly objected to. Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific

written objections" to the Report and Recommendation as required under Federal Rule of Civil Procedure 72(b)(2). General objections, on the other hand, do not trigger the Court's *de novo* review. *See Brandon v. Dep't of Corr.*, No. C21-5417-JCC, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16, 2021) ("[A] general objection has the same effect as no objection at all, since it does not focus the Court's attention on any specific issue for review."); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report.").

Here, Plaintiff submitted two miscellaneous documents addressing various legal theories related to the conditions of his confinement and his right to a speedy trial. Dkt. No. 7 and 8.[1] The Court liberally construes these documents as general objections to the entirety of Judge Peterson's Report and Recommendation. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'"). But neither document constitutes a proper objection because Plaintiff fails to address the substance of Judge Peterson's Report and Recommendation, nor does he make any specific objections to the court's findings of fact or conclusions of law. The general nature of Plaintiff's latest filings does not place any specific issues before the Court for review, which is the same as failing to object altogether. Thus, the Court finds that neither party properly objected to Judge Peterson's Report and Recommendation.

---

[1] Plaintiff filed two additional miscellaneous documents after the deadline set in Judge Peterson's Report and Recommendation. Dkt. Nos. 9 and 10. In addition to being untimely, these documents are also not on topic and are thus not proper objections to the Report and Recommendation.

Because there were no properly filed specific objections, the Court may adopt the Report and Recommendation if it is satisfied there are no clear errors on the face of the record. Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Amendment. The Court agrees with Magistrate Judge Peterson's reasoning that dismissal without prejudice is warranted given that Plaintiff has not alleged any facts demonstrating that extraordinary circumstances justify the Court's intervention in his state court criminal proceeding.

Having reviewed the Report and Recommendation of the assigned United States Magistrate Judge, the miscellaneous documents submitted by Plaintiff, and the remaining record, the Court finds and ORDERS as follows:

(1) The Court ADOPTS the Report and Recommendation.

(2) The case is DISMISSED without prejudice.

(3) The Clerk is directed to send copies of this Order to the parties.

Dated this 18th day of July, 2023.

Jamal N. Whitehead
United States District Judge